IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF/RESPONDENT

      v.                    Civil No. 05-5174
                      Criminal No. 03-50052-01

MARCO FLORES                                           DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marco Flores, an inmate in the Federal Correctional Institute, Fort Dix, New Jersey, brings this pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States of America, moves to dismiss the motion as barred by the statute of limitations. Alternatively, Respondent contends Flores is not entitled to relief on the basis of ineffective assistance of counsel and because the sentencing judge did not error in making the factual finding that a 2-level enhancement as a "manager or leader" was appropriate. Finally, Respondent contends *Booker* has not been held by the Supreme Court to be retroactively applicable to cases on collateral review.

## BACKGROUND

On October 15, 2003, a criminal complaint was filed against Flores. (Doc. 1).[1] On November 19, 2003, an indictment was filed against him. (Doc. 17). Count one charged Flores with conspiracy to distribute and possess with intent to distribute a controlled substance, namely a mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Count two charged Flores

---

[1] Document numbers refer to entries on the criminal docket in case 03-50052-01.

-1-

AO72A
(Rev. 8/82)

with possession with intent to distribute, a controlled substance, namely more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. Count three charged Flores with knowingly re-entering the United States following deportation upon conviction of an aggravated felony without having obtained the consent of the Secretary of the Department of Homeland Security to re-enter the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2), 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557.

On January 5, 2004, Flores appeared with counsel, Assistant Federal Public Defender James Pierce, before United States District Judge, the Honorable Jimm Larry Hendren, and through an interpreter entered a guilty plea to counts two and three of the indictment in exchange for the government's promise to dismiss count one of the indictment at sentencing. (Doc. 53).

A written plea agreement was filed with the court. (Doc. 54). In paragraph seven of the plea agreement, Flores stipulated the most readily provable amount of drugs he could be held accountable for was at least 500 grams of methamphetamine but less than 1.5 kilograms of methamphetamine.

On May 27, 2004, Flores was sentenced. (Doc. 77). The clerk's minutes for the sentencing hearing reflect that Flores was provided with an appeal packet. (Tr. 77). Flores was sentenced to one hundred and ten (110) months in prison on each count, to run concurrently, five years supervised release, and a $200 special assessment. (Doc. 79). Note was made of the fact that it was anticipated that Flores would be deported. (Doc. 79). Count one of the indictment was dismissed upon motion of the government. (Doc. 79).

Flores did not appeal the conviction. On November 3, 2005, Flores filed the instant § 2255 motion. (Doc. 82). The motion was filed nunc pro tunc as of October 21, 2005. (Doc. 83).

AO72A
(Rev. 8/82)

On November 16, 2005, the United States filed a response to the motion. (Doc. 85). On January 20, 2006, an order was entered directing Flores to respond to a questionnaire explaining why he did not file his motion until October 21, 2005. (Doc. 87). Flores responded to the questionnaire on February 8, 2006 (Doc. 88), and also filed a reply to the government's brief (Doc. 89).

## DISCUSSION

The Respondent first contends that Flores' § 2255 motion should be dismissed because it was not filed within the applicable one year statute of limitations. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 014-132, 110 Stat. 1214, requires that a federal prisoner file a motion pursuant to 28 U.S.C. § 2255 within one year of the latest of four possible dates. These dates are: (1) the date the judgment of conviction becomes final; (2) the date an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion due to governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court and made retroactive to § 2255 motions; and (4) the date on which the facts supporting the claim could have been discovered through the exercise of reasonable diligence. 28 U.S.C. § 2255.

The AEDPA does not define "finality" however, the Supreme Court has stated that "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987). *See also Campa-Fabela v. United States*, 339 F.3d 993, 993-994 (8th Cir. 2003)(The one year limitation period applicable to a § 2255 motion began to run on the date Movant's petition

-3-

for a writ of certiorari was denied), *cert. denied*, 541 U.S. 967, 124 S. Ct. 1734, 158 L. Ed. 2d 414 (2004). Additionally, the Supreme Court has said that in the "context of a criminal prosecution, finality is normally defined by the imposition of the sentence." *Flynt v. Ohio*, 451 U.S. 619, 620, 101 S. Ct. 1958, 68 L. Ed. 2d 489 (1981).

Flores' judgment of conviction was filed on May 27, 2004. As noted above, Flores did not file a direct appeal from the conviction. For a defendant who does not file a direct appeal, the conviction becomes final ten days after the written judgment of conviction is filed. *See e.g., Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005); *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)(footnote omitted)("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final."); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001)(The statute of limitation for the AEDPA began to run upon the expiration of the time during which the defendant could have sought review by direct appeal); *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)(In the event a direct appeal is not filed, the statute of limitations commences when the time for filing a direct appeal elapsed). Flores' motion was therefore due in this court by early June of 2004. However, his motion was not filed until October 21, 2005 (order entered November 3, 2005, *nunc pro tunc* to October 21, 2005)(Doc. 83).

Thus, Flores had one year from the date on which his judgment of conviction became final to file his § 2255 petition unless one of the remaining three accrual provisions delay the commencement of the limitation period beyond the final judgment day. In this case, Flores appears to make two arguments that there was an impediment created by government action to his making the motion. First, Flores indicates he told his attorney of his intent to file an appeal

of his conviction. *Response* (Doc. 88)(hereinafter *Resp.*) at ¶ 1. However, Flores maintains he was abandoned by his attorney who never submitted an *Anders* brief.[2] *Id.*

This argument fails because a federal public defender is not considered to be a "government actor." This is true because federal public defenders, although technically employees of the government, are regarded as functionally being the equivalent of independent contractors and the government is not "meaningfully an employer responsible for the care with which the lawyer does his work." *Sullivan v. Freeman*, 944 F.2d 334, 336 (7th Cir. 1991)(FTCA case). *See also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)(§ 1983 case–public defender not a government actor); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984)("By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action); *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982)(same). Moreover, Flores was aware of the right to appeal his conviction and nothing prevented him from filing a direct appeal on his own or filing this § 2255 motion on his own. *See Resp.* at ¶ 1 ("I told my attorney my intention to appeal.").

Flores also maintains that he was barred from timely pursuing the motion because he needed documents that were not in his possession. *Resp.* at ¶ 3. In support, he refers to two exhibits he submitted to the court with his reply brief. The first exhibit is labeled exhibit ABC.1A. It is a letter dated April 25, 2005, from Theresa Sawyer, a certified court reporter, in which she provides Flores with an estimate of the cost of a transcript of his plea hearing and sentencing hearing. The second exhibit is labeled exhibit ABC.1B. It is a document entitled "defendant notify the court." In this document, he states he has made several requests for the

---

[2]*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

AO 72A
(Rev. 8/82)

documents necessary to appeal his sentence under § 2255. This document is signed May 24, 2005.

We find this argument unavailing for a number of reasons. First, it is not necessary to have the transcripts to file a § 2255 motion. In fact, Flores did not have the transcripts when he filed the instant motion. Second, a prisoner is not even entitled to a transcript, at government expense, for the purpose of preparing a § 2255 motion, 28 U.S.C. § 753(f).

For the third possible accrual date to be applicable there must be a new rule of constitutional law, previously unavailable, made retroactive to cases on collateral review by the Supreme Court. The Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), several years prior to Flores' sentencing. While *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (June 24, 2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (January 12, 2005), were both decided after Flores' sentencing, neither decision applies retroactively to cases on collateral review. *See United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir. 2006)(*citing Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)(Neither *Blakely* nor *Booker* apply retroactively to final convictions on collateral review)). Thus, Flores' claim does not satisfy either of the conditions necessary for him to benefit from the third possible accrual date.

Similarly, Flores can make no argument that the one-year limitation period runs from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Flores' claim is based on facts known to him at the time of sentencing, the quantity of drug he was being held responsible for and the two level enhancement he received based on the role he played in the offense.

As his § 2255 petition was filed more than one year after his judgment of conviction

AO72A
(Rev. 8/82)

became final, Flores' claim is barred by the limitation period unless the period was tolled. Equitable tolling is applicable to § 2255 motions. *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006)(*citing United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)). "There are two tests for determining when equitable tolling is appropriate: (1) if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *Hernandez*, 436 F.3d at 858 (internal quotation marks and citations omitted). Further, "[e]quitable tolling only applies when the circumstances that cause the delay in filing are external to the plaintiff and not attributable to his actions." *Id.* (internal quotation marks and citations omitted).

We find no basis for equitable tolling exists. First, Flores efforts to obtain a transcript of his plea or sentencing hearing are not a basis for equitable tolling. *United States v. Midgett*, 229 F.3d 1160, 2000 WL 959616, *1 (9th Cir. July 10, 2000)(unpublished op.); *United States v. Banuelos-Munoz*, 182 F.3d 933, 1999 WL 314616, *2 (10th Cir. May 19, 1999)(unpublished op.)(disallowing equitable tolling of the limitations period based on obstacles faced by petitioner in obtaining a transcript in part because the facts supporting his claim had not depended on the transcript); *United States v. Pedraza*, 166 F.3d 349, 1998 WL 802283, *3 (10th Cir. Nov. 18, 1998)(unpublished op.)(holding that a federal prisoner was not entitled to equitable tolling of the limitations period in § 2255 based on the unavailability of a transcript); *Brown v. Cain*, 112 F. Supp. 2d 585, 586-87 (E.D. La. 2000)(rejecting a claim for equitable tolling based on a delay in obtaining transcripts, as the petitioner had "experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to [him] without the transcripts"), *aff'd without op.*, 239 F.3d 365 (5th Cir. 2000). As noted above, the transcripts were not required to

AO72A
(Rev. 8/82)

file a § 2255. In fact, to obtain the transcripts at government expense, Flores was required to first file his § 2255 motion and then request the transcripts. 28 U.S.C. § 753(f).

Second, an unrepresented prisoner's lack of legal knowledge does not support equitable tolling. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)("[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling.").

Third, equitable tolling on the basis of an attorney's conduct has been narrowly confined to cases involving extraordinary or egregious conduct. *See e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)*, cert. denied*, 543 U.S. 865, 125 S. Ct. 200, 160 L. Ed. 2d 109 (2004)("a petitioners' reliance on the unreasonable or incorrect advice of his or her attorney is not a ground for equitable tolling"); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)(holding that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling for filing habeas petition). An attorney's intentional deceit was found to warrant equitable tolling but only if the petitioner could show he reasonably relied on the attorney's misrepresentations. *See United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). No such showing has been made here.

Finally, claims that Flores has trouble with English, without more, do not warrant tolling. *Silvestre v. United States*, 55 F. Supp. 2d 266, 268 (S.D.N.Y. 1999), *aff'd*, 159 Fed. Appx. 355 (3rd Cir. 2005)(petition for certiorari filed February 8, 2006). Although Flores asserts that he does not speak English, *Resp.* at ¶ 2, he was able to file his § 2255 petition and responded to orders by the court in a timely manner. The documents he was filed have been readily understood by the court and it is apparent that he understood the questions being asked by the

-8-

court and the legal issues involved. *See e.g., Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001)(Ignorance of the law, language barriers, limited education, or the lack of counsel for non-capital collateral motions are not circumstances far beyond the litigant's control.). We find no basis for equitable tolling.

## CONCLUSION

I therefore recommend that the § 2255 petition be dismissed as barred by the one-year statute of limitation contained in the Antiterrorism and Effective Death Penalty Act (AEDPA)of 1996, Pub. L. No. 014-132, 110 Stat. 1214, 28 U.S.C. § 2255.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of March 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)